# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE VICTORIA CASTAY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-2492** |
| **OCHSNER CLINIC FOUNDATION,**<br>    **Defendant** | **SECTION "E"** |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by Ochsner Clinical Foundation ("Ochsner"),[1] which Plaintiff Anne Victoria Castay opposes.[2] For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Castay worked at Ochsner from 1980 until June 4, 2012. She asserts she was terminated shortly after she requested leave under the Family Medical Leave Act ("FMLA") to care for her gravely ill father. She asserts that, despite being told she was eligible for FMLA leave by an Ocshner representative, Ochsner both denied her the leave to which she was entitled and retaliated by terminating her after she advised her supervisor that she was applying for leave. As a result, she brought this suit under FMLA seeking damages and reinstatement.

At issue in this motion is whether Castay qualifies as an "eligible employee" under FMLA. Ochsner asserts that Castay did not work a sufficient number of hours (1250) in the twelve months preceding her termination to qualify, pointing to Castay's time cards showing she worked a total of 930.10 hours. Castay responds that it does not matter

---

[1] R. Doc. No. 7.

[2] R. Doc. No. 14.

whether she worked enough hours to be in fact eligible because Ochsner certified her as eligible.

## STANDARD OF LAW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with

additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

In order to be eligible for FMLA leave, an employee must have worked at least 1250 hours for his or her employer over the preceding twelve months. 29 U.S.C. § 2611(2)(A)(ii); 29 C.F.R. § 825.110(a)(2). "Paid vacation, holidays, sick leave, and FMLA leave are not included in the 1,250 hour calculation." *Lyons v. North East Independent Sch. Dist.*, 277 F. App'x 455, 456 (5th Cir. 2008) (citing 29 U.S.C. § 207(e)(2)); *accord Plumley v. Southern Container, Inc.*, 303 F.3d 364, 372 (1st Cir. 2002) ("[W]e hold that hours of service, as those words are used in the FMLA, include only those hours actually worked in the service and at the gain of the employer.").[3] Castay does not seriously dispute that she

---

[3] Under 28 U.S.C. § 2611(2)(C), "For purposes of determining whether an employee meets the hours of service requirement . . . the legal standards established under" the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "shall apply." It is the FLSA that "preclud[es] the counting of 'periods

actually worked fewer than 1250 hours. In her response to Ochsner's motion for summary judgment, she includes a table showing her "hours physically worked" total 922.40 hours in the preceding twelve months.[4] Whether she worked 922.40 hours, as she asserts, or 930.10 hours, as Ochsner asserts, neither amount is 1250 hours or more. The only other time reflected on the chart Castay submits—"GPT" or "General Purpose Time" hours—may not be added to her hours physically worked for purposes of FMLA eligibility. Ochsner produced competent summary judgment evidence that "if there is a notation with the abbreviation 'GPT,' no time was actually worked by the employee," which Castay has not disputed. As such, the GPT hours may not be counted for purposes of FMLA. *Lyons*, 277 F. App'x at 456.

Instead of disputing whether GPT hours may be counted towards eligibility, Castay asserts "[b]ecause Plaintiff can prove that Ochsner confirmed her eligibility for FMLA leave on the date she applied for that leave, a material issue of fact exists on the question of whether Plaintiff is an 'eligible employee.'"[5] In support she points to a Department of Labor FMLA regulation that provides:

> The determination of whether an employee has worked for the employer for 1250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date leave commences. If an employee notifies the employer of need for FMLA leave before the employee meets the eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met. If the employer confirms eligibility at the

---

when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause." *Smith v. Medpointe Healthcare, Inc.*, 338 F. App'x 230, 233 (3d Cir. 2009) (internal quotation marks omitted).

[4] R. Doc. No. 14, p. 5.

[5] R. Doc. No. 14, p. 5.

> time the notice for leave is received, the employer may not subsequently challenge te employee's eligibility. . . . If the employer fails to advise the employee whether the employee is eligible prior to the date requested leave is to commence, the employee will be deemed eligible. The employer may not, then, deny the leave.

29 C.F.R. § 825.110(d) (1995).

The problem for Castay is that numerous courts have declared this regulation unconstitutional, *e.g.*, *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582–83 (7th Cir. 2000), and in any event, the regulation was superseded on January 16, 2009—that is, before any time period possibly relevant to this claim—by a regulation that specifically excludes the language on which Castay relies. 29 C.F.R. § 825.110(d) (2009).[6] For her attorney to have advanced an out-of-date regulation, one specifically revised by the Department of Labor to excise the language on which Castay relies in light of court decisions holding that language unconstitutional, is inexcusable.

As Castay is not an "eligible employee" under FMLA, summary judgment is proper on Castay's claim for interference based on 29 U.S.C. § 2615(a)(1), which states "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any [FMLA] right," and 29 U.S.C. § 2614(a)(1), which applies only to "an[] eligible employee."[7] Without a right to leave, there cannot have been any interference with or restraint or denial of a right. *E.g.*, *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013) ("To establish a prima facie interference case, [the plaintiff]

---

[6] After the events at issue in this case, the regulation was amended again, effective March 8, 2013. 29 C.F.R. § 825.110(d) (2013). Those amendments, even if they were to apply, would not have any relevance to this matter, however.

[7] Castay's complaint cites 29 U.S.C. § 2614(b)(1), but this must have been an error.

must show that (1) she was an eligible employee . . . .").

Castay's FMLA retaliation claim under 29 U.S.C. § 2615(a)(2) stands on different footing, however. Unlike an interference claim, which requires the plaintiff to show she was an eligible employee, a retaliation claim requires only that the plaintiff show "she was protected under the FMLA," *Lanier*, 527 F. App'x at 317, that is, she "engaged in protected activity." *Nichelson v. United Dominion Realty Trust*, 152 F. App'x 421, 423 (5th Cir. 2005).[8] Inquiring whether she was eligible for leave and advising her supervisor that she has applied for leave are both clearly activities protected by FMLA. Whether Castay can make out the remainder of a prima facie case of retaliation, which requires her to show that "she suffered an adverse employment decision" and either "that she was treated less favorably than an employee who had not requested leave under the FMLA" or "the adverse decision was made because she took FMLA leave," remains to be seen. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). That is the subject of Ochsner's second motion for summary judgment, which has not yet gone under submission and so is not ripe for adjudication.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Ochsner's motion for summary

---

[8] Retaliation claims may be brought by those who engage in protected activity even though they themselves might not be employees eligible for FMLA leave, that is, "eligible employees" with substantive rights protected from interference under 29 U.S.C. § 2615(a)(1). *See, e.g.*, *Smith v. BellSouth Telecommunications, Inc.*, 273 F.3d 1303, 1312–13 (11th Cir. 2001); *Duckworth v. Pratt & Whitney Inc.*, 152 F.3d 1, 9–11 (1st Cir. 1998). This prevents absurd results, such as allowing an employer to fire a pre-eligible employee for advising about the need for leave after the employee becomes eligible.

judgment is **GRANTED** as to Count 1 and **DENIED** as to Count 2 of Castay's complaint.[9]

**New Orleans, Louisiana, this 7th day of January, 2014**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[9] Castay also objected to Ochsner's motion as premature in light of the fact that, at the time the motion was filed, substantial discovery was still expected. Discovery is now complete, however, and Castay has not asked for leave to supplement her opposition. In any event, she also failed to comply with Federal Rule of Civil Procedure 56(d), which requires a party opposing a motion for summary judgment on the basis that "it cannot present facts essential to justify its opposition" to make this showing by affidavit or declaration. For both reasons, the Court sees no need to defer consideration of this motion.