UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE VICTORIA CASTAY,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 13-2492 |
| OCHSNER CLINIC FOUNDATION,<br>    Defendant | SECTION "E" |

## ORDER & REASONS

Before the Court is a second motion for summary judgment filed by Ochsner Clinical Foundation ("Ochsner"),[1] which Plaintiff Anne Victoria Castay opposes.[2] The Court has reviewed the parties' arguments and for the following reasons grants the motion.

The facts are set forth at greater length in the Court's prior Order and Reasons granting in part and denying in part Ochsner's first motion for summary judgment on Castay's FMLA claims.[3] Briefly, Castay asserts Ochsner terminated her shortly after she requested leave under the Family Medical Leave Act ("FMLA") to care for her gravely ill father. The Court dismissed Castay's FMLA interference claim because there was no factual dispute that she had not worked the requisite 1250 hours in the twelve months preceding her termination and did not qualify as an FMLA "eligible employee."[4] But the Court denied summary judgment as to Castay's FMLA retaliation claim because that claim was only fully addressed in this second motion for summary judgment.

---

[1]    R. Doc. No. 24.

[2]    R. Doc. No. 30.

[3]    R. Doc. No. 29.

[4]    *Id.* at 3-6.

**STANDARD OF LAW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a

material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

The Court will analyze this FMLA retaliation claim under the mixed-motive burden-shifting framework. *See Ion v. Chevron USA, Inc.* 731 F.3d 379, 380 (5th Cir. 2013).[5] First, Plaintiff must establish a prima facie case by showing that (1) she was protected under the FMLA, (2) she suffered an adverse employment action, and (3) the adverse action was taken because she sought protection under the FMLA. *See id.* at 390. "The second step of the framework requires that [Ochsner] articulate a legitimate, nondiscriminatory reason for

---

[5] Ochsner suggests that the mixed-motive analysis no longer applies to FMLA retaliation claims after the Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar*, which held that "Title VII retaliation claims must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." 133 S. Ct. 2517, 2533 (2013). The Fifth Circuit has not yet decided whether the reasoning of *Nassar* applies to FMLA retaliation claims. *Ion*, 731 F.3d at 390. Because summary judgment is appropriate even under the more permissive mixed-motive analysis, the Court declines to decide that issue.

[Plaintiff's] termination." *Id.* at 390-91. "In the third step, [Plaintiff] bears the burden of offering sufficient evidence to create a genuine issue of fact that [Ochsner's] nondiscriminatory reasons, although true, are only some of the reasons for its conduct, another of which was discrimination." *Id.* at 391.

The Court will assume for the sake of deciding this motion that Plaintiff has established a prima facie case.[6] Although her evidence of a causal link between her FMLA inquiries and her termination is thin, the Court must draw all reasonable inferences in her favor on this motion for summary judgment. Accordingly, the Court will proceed to the second step of the burden-shifting analysis.

Ochsner has articulated a legitimate, non-discriminatory reason for terminating Plaintiff. It presents ample evidence that Plaintiff had a history of communication problems and unprofessional demeanor in stressful situations.[7] In particular, Ochsner submits evidence of numerous incidents of the Plaintiff's "inappropriate behavior," "loud" or "ugly" tones of voice, "yelling," and "rage."[8] Finally, Ochsner submits competent summary judgment evidence that Plaintiff was terminated immediately after another vocal and unprofessional outburst, consistent with those prior incidents.[9] Because Ochsner has

---

[6] Accordingly, the Court does not decide the applicability of two unpublished Fifth Circuit opinions suggesting that an ineligible employee's request for FMLA leave may not be protected activity for the purposes of a retaliation claim. *See Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 F. App'x 874, 881-82 (5th Cir. 2010); *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 401 n.7 (5th Cir. 2012) (citing *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004)).

[7] R. Docs. 24-3 at 45-46, 48-49.

[8] R. Docs. 24-5, 24-6, 24-6.

[9] R. Docs. 24-3 at 24-26; 24-4 at 1-4, 24-5 at 5, 24-7 at 5-6.

met its burden to articulate a legitimate, non-discriminatory reason for terminating Plaintiff, the burden shifts back to Plaintiff.

In response, Plaintiff has not offered "sufficient evidence to create a genuine issue of fact that [Ochsner's] nondiscriminatory reasons, although true, are only some of the reasons for its conduct, another of which was discrimination." *Ion*, 731 F.3d at at 391. She cited no additional evidence remotely suggesting that her termination was motivated in any part by her invocation of the FMLA. Instead, Plaintiff offered only the bare assertion that a jury could disbelieve Ochsner's articulated reasons for terminating her.[10] This mere speculation does not suffice, nor does it explain in any way how her FMLA inquiry was a motive for her termination. Because Plaintiff has failed at this stage of the burden-shifting analysis, summary judgment in favor of Ochsner is warranted.

**IT IS ORDERED** that Ochsner's motion for summary judgment is **GRANTED** as to Castay's remaining FMLA retaliation claim, and the case is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 4th day of February, 2014**

                                            **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 30 at 21. Plaintiff's reliance on *Reeves v. Sanderson Plumbing Products* is misplaced. 530 U.S. 133 (2000). That case involved whether a jury verdict could be sustained "when the plaintiff's case consists exclusively of a prima facie case of discrimination *and sufficient evidence for the trier of fact to disbelieve the defendant's legitimate, nondiscriminatory explanation for its action.*" *Id.* at 137. Here, Plaintiff fails on the third burden-shifting stage precisely *because* she offers no such evidence supporting disbelief of Ochsner's proffered explanation.