# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNE VICTORIA CASTAY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-2492** |
| **OCHSNER CLINIC FOUNDATION,**<br>    **Defendant** | **SECTION "E"** |

## ORDER & REASONS

Before the Court is Plaintiff Victoria Castay's Motion to Alter Judgment.[1] The Court has reviewed that motion, Defendant's opposition, Plaintiff's reply, the record, and the applicable law, and now issues this Order and Reasons denying the motion.

The procedural history and allegations are set forth at greater length in the Court's prior Orders and Reasons addressing Defendant Ochsner's two motions for summary judgment on Plaintiff's FMLA claims.[2] Briefly, Castay asserts Ochsner terminated her shortly after she requested leave under the Family Medical Leave Act ("FMLA") to care for her gravely ill father. The Court first dismissed Castay's FMLA interference claim because there was no factual dispute that she had not worked the requisite 1250 hours in the twelve months preceding her termination and did not qualify as an FMLA "eligible employee."[3] Ruling on a second motion for summary judgment, the Court dismissed Castay's remaining FMLA retaliation claim because, at the very least, she failed to offer sufficient evidence to create a genuine issue of fact that Ochsner's legitimate non-discriminatory reason for

---

[1] R. Doc. 50.

[2] R. Docs. 29, 48.

[3] R. Doc. 29 at 3-6.

terminating her was pretextual.[4] Accordingly, the Court dismissed the case with prejudice.

Now, Plaintiff contends that summary judgment should not have been granted on the FMLA retaliation claim because she "may have failed to clearly articulate for the Court the genuine issues of material fact that exist regarding Defendant's true reasons for terminating Ms. Castay, but they do exist."[5]

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued. *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

Plaintiff's motion is no more than a second bite at the apple and a belated attempt to reargue the second summary judgment motion. Rule 59(e) "cannot be used to raise arguments which could, and should," have been made in opposition to summary judgment. Although Plaintiff asserts that "summary judgments are based on all the evidence in the record and are not limited to the verbiage in the parties' briefs,"[6] it is well settled that

---

[4] R. Doc. 48 at 4-5.

[5] R. Doc. 50 at 1.

[6] R. Doc. 58 at 4.

"Federal Rule of Civil Procedure 56 does not impose upon ... the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012) (citations and internal quotations omitted). Plaintiff simply disagrees with the outcome and does not identify any manifest error of law or fact, or any other basis for altering the judgment. Thus, relief under Rule 59(e) is not warranted under these circumstances. Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **DENIED**.

**New Orleans, Louisiana, this 4th day of April, 2014**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**